**15SL-CC00538**

Electronically Filed - St Louis County - February 13, 2015 - 02:58 PM

## IN THE MISSOURI CIRCUIT COURT
## FOR THE TWENTY-FIRST JUDICIAL CIRCUIT
## COUNTY OF ST. LOUIS

SUZANNE DEGNEN, D.M.D., P.C.   )
d/b/a SUNSET TOWER FAMILY   )
DENTISTRY,   )
  )
    Plaintiff,   )      Case No.
  )
v.   )      Division:
  )
DECISION SOFTWARE SYSTEMS,   )      JURY TRIAL DEMANDED
INC. d/b/a DECISION SOFTWARE   )
SYSTEMS,   )
  )
    Serve:   )
    Gerald T. Merar   )
    President   )
    2689 Danforth Terrace   )
    Wellington, FL 33414   )
  )
GERARD T. MERAR, individually   )
and d/b/a DECISION SOFTWARE   )
SYSTEMS,   )
  )
    Serve:   )
    2689 Danforth Terrace   )
    Wellington, FL 33414   )
  )
NATHAN J. SCHNURMAN, JR.,   )
individually and d/b/a DECISION   )
SOFTWARE SYSTEMS,   )
  )
    Serve:   )
    2718 Danforth Terrace   )
    Wellington, FL 33414   )
  )
and   )
  )
JOHN DOES 1-10,   )
  )
    Defendants.   )

## CLASS ACTION JUNK-FAX PETITION

1

Electronically Filed - St Louis County - February 13, 2015 - 02:58 PM

Plaintiff Suzanne Degnen, D.M.D., P.C. d/b/a Sunset Tower Family Dentistry brings this class action, on behalf of itself and all others similarly situated, against Defendants Decision Software Systems, Inc. d/b/a Decision Software Systems, Gerald T. Merar, individually and d/b/a Decision Software Systems, Nathan J. Schnurman, Jr., Decision Software Systems, and John Does 1-10 under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (individually and collectively hereafter, "TCPA").

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Suzanne Degnen, D.M.D., P.C. d/b/a Sunset Tower Family Dentistry is a Missouri corporation with its principal place of business in St. Louis County, Missouri.

2.      Defendant Decision Software Systems, Inc. d/b/a Decision Software Systems (DSS) is a Florida corporation with its principal office at 2689 Danforth Terrace, Wellington, FL 33414.

3.      "Decision Software Systems" is not registered as a fictitious name with the Florida Secretary of State.

4.      Under Florida law, Fla. Stat. § 865.09(9), it is a misdemeanor for a person to engage in business under a fictitious name without registering the fictitious name.

5.      DSS also is not registered with the Missouri Secretary of State to transact business in Missouri.

6.      Defendant Gerald T. Merar, individually and d/b/a Decision

2

Electronically Filed - St Louis County - February 13, 2015 - 02:58 PM

Software Systems, is an individual who resides at 2689 Danforth Terrace, Wellington, FL 33414.

7.      Merar is DSS's president, secretary, treasurer, and registered agent.

8.      Defendant Nathan J. Schnurman, Jr., individually and d/b/a Decision Software Systems, is an individual who resides at 2718 Danforth Terrace, Wellington, FL 33414.

9.      Schnurman is DSS's Director of Business Development.

10.     John Does 1-10 are not presently known and will be identified through discovery.

11.     This Court has personal jurisdiction over Defendants under 47 U.S.C. § 227(b)(3), because Defendants sent at least one illegal fax into Missouri, Defendants transact business within this state, Defendants have made contracts within this state, Defendants have committed tortious acts within this state, including conversion, and/or Defendants otherwise have sufficient minimum contacts with this state.

12.     Venue is proper under the TCPA and/or under Missouri Revised Statutes § 508.010.2.

## THE FAX

13.     On May 6, 2014, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 849-1139 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 1** (Fax).

Electronically Filed - St Louis County - February 13, 2015 - 02:58 PM

14.    A smaller version of the Fax follows:

To: (13148491139)
                  15:39 05/08/14 EST Pg  1-1

### *Get a Grip! ... on Your Supplies !*

**MANAGE YOUR SUPPLY INVENTORY BETTER...
WITH SupplyPro™ Software**

**Are Any Expensive Inventory Lot Items About to Expire?
SupplyPro™ Software is Proven to Reduce Waste & Loss!**

# *SupplyPro™* Software

**Designed for  ALL Medical &  Surgery Center Practices**

- Reduce Supply Waste & Loss
- Auto-Notification on Low Stock Levels
- Purchasing, Receiving, Barcode Ready
- Robust Reports, Open export to EMR
- Tracks ALL Supply Usage
- Easy to Learn & Use
- Free Evaluation Download

Web:      www.SupplyProSoftware.com
Email:    Info@DecisionSw.com
Contact:  Nathan @ (561) 792-1477

                                                Ex. 1

15.    The Fax advertised the commercial availability or quality of products, goods, or services, i.e., *SupplyPro™* Software, designed for medical and surgery-center practices.

16.    The Fax lacked an opt-out section at the bottom of the page, with a domestic contact telephone number and facsimile machine number for the recipient to transmit an opt-out request to the sender.

4

Electronically Filed - St Louis County - February 13, 2015 - 02:58 PM

17.    The Fax referenced a website, www.SupplyProSoftware.com (last visited Feb. 10, 2015), which, as shown below, identified "Decision Software Systems" and contact information:



**CONTACT INFO**

2689 Danforth Terrace  Wellington, FL 33414
Tel: 561-792-1477
Fax: 561-792-1677
Mail: info@DecisionSW.com

18.    The email address identified on the Fax, i.e., info@DecisionSW.com, is also displayed on the website, www.DecisionSW.com (last visited Feb. 10, 2015), as follows:

E-mail comments or questions to: info@DecisionSW.com
Decision Software Systems, 2689 Danforth Terrace, Wellington, FL 33414
Phone:(561) 792-1477  Fax:(561) 792-1677

19.    2689 Danforth Terrace, Wellington, FL 33414 is Merar's residential address.

20.    Plaintiff received the Fax through Plaintiff's facsimile machine.

21.    On information and belief, Defendant has sent other facsimile transmissions of material advertising the quality or commercial availability of property, goods, or services to at least 40 other persons as part of a plan to broadcast fax advertisements, of which the Fax is an example.

Electronically Filed - St Louis County - February 13, 2015 - 02:58 PM

22.     Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent; and (d) determining the number and frequency of the facsimile transmissions.

23.     Defendants had a high degree of involvement in, or actual notice of, the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

24.     Defendants created or made the Fax and other fax advertisements, which Defendants sent to Plaintiff and to other members of the "Class" as defined below.

25.     The Fax, and the other similar or identical facsimile advertisements, is a part of Defendants' work or operations to market Defendants' products, goods, or services, which was sent by and on behalf of Defendants.

26.     The Fax and the other facsimile advertisements constitute material furnished in connection with Defendants' work or operations.

27.     The Fax sent to Plaintiff, and the other facsimile advertisements sent by Defendants, did not contain a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements.

28.     Defendants' similar facsimile advertisements, including the Fax to Plaintiff, did not contain a notice stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a

6

Electronically Filed - St Louis County - February 13, 2015 - 02:58 PM

telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful.

29.   The transmissions of facsimile advertisements, including the Fax, to Plaintiff, did not contain a notice that complied with 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

30.   The transmissions of facsimile advertisements, including the Fax, to Plaintiff was required to contain a notice that complied with the provisions of 47 U.S.C. § 27(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

31.   On information and belief, Defendants sent multiple facsimile advertisements to Plaintiff and members of the Class throughout the time period covered by the Class definition below.

32.   On information and belief, Defendants faxed the same and other facsimile advertisements to the members of the Class in Missouri and throughout the United States without first obtaining the recipients' prior express permission or invitation.

33.   There is no reasonable means for Plaintiff or other Class members to avoid receiving unlawful faxes but to receive lawful faxes.

34.   Defendants violated the TCPA by transmitting the Fax to Plaintiff and to the Class members without obtaining their prior express permission or invitation and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4).

Electronically Filed - St Louis County - February 13, 2015 - 02:58 PM

35.     Defendants knew or should have known that (a) facsimile advertisements, including the Fax, were advertisements, (b) Plaintiff and the other Class members had not given their prior permission or invitation to receive facsimile advertisements, (c) no established business relationship existed with Plaintiff and the other Class members, and (d) Defendants' facsimile advertisements did not display a proper opt-out notice.

36.     Defendants failed to determine correctly the legal restrictions on the use of facsimile transmissions and the application of those restrictions to facsimile advertisements, including the Fax, both to Plaintiff and the Class.

37.     The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class caused unwanted use and destruction of their property, including toner or ink and paper, and caused undesired wear on hardware.

38.     The transmissions of facsimile advertisements, including the Fax, to Plaintiff and to Class interfered with their exclusive use of their property.

39.     The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class interfered with their business and/or personal communications and privacy interests.

Electronically Filed - St Louis County - February 13, 2015 - 02:58 PM

## CLASS ACTION ALLEGATIONS

40.    Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "Class":

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendants do not have an established business relationship, or (5) which did not display a proper opt out notice.

41.    Excluded from the Class are Defendants, their employees, agents, and members of the judiciary.

42.    This case is appropriate as a class action because:

a.    <u>Numerosity.</u>  On information and belief, based in part on review of the sophisticated Fax and online research as to Defendants and their marketing practices, the Class includes at least 40 persons and is so numerous that joinder of all members is impracticable.

b.    <u>Commonality.</u>   Questions of fact or law common to the Class predominate over questions affecting only individual Class members, e.g.:

> i.    Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;
>
> ii.    Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the commercial availability of any property, goods or services;
>
> iii.    Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the quality of any property, goods or services;

9

Electronically Filed - St Louis County - February 13, 2015 - 02:58 PM

iv.   The manner and method Defendants used to compile or obtain the list of fax numbers to which Defendants sent the Fax and other unsolicited faxed advertisements;

v.   Whether Defendants faxed advertisements without first obtaining the recipients' prior express permission or invitation;

vi.   Whether Defendants violated 47 U.S.C. § 227;

vii.   Whether Defendants willingly or knowingly violated 47 U.S.C. § 227;

viii.   Whether Defendants violated 47 C.F.R. § 64.1200;

ix.   Whether the Fax, and the other fax advertisements sent by or on behalf of Defendant, displayed the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

x.   Whether the Court should award statutory damages;

xi.   Whether the Court should award treble damages; and

xii.   Whether the Court should enjoin Defendants from sending TCPA-violating facsimile advertisements in the future.

c.   Typicality. Plaintiff's claim is typical of the other Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of Defendants to the Class, and Plaintiff is making the same claim and seeking the same relief for itself and all Class members based on the same statute and regulation.

d.   Adequacy. Plaintiff will fairly and adequately protect the interests of the other Class members. Plaintiff's counsel are experienced in class actions and TCPA claims. Neither Plaintiff nor Plaintiff's counsel has interests adverse or in conflict with the absent Class members.

e.   Superiority. A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

Electronically Filed - St Louis County - February 13, 2015 - 02:58 PM

43.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1).

44.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

45.    The TCPA provides:

Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

> (A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

> (B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

> (C)    Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

46.    The TCPA also provides that that Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

47.    "A facsimile broadcaster will be liable for violations of [Section 64.1200(a)(4)]. . . , including the inclusion of opt-out notices on unsolicited advertisements, if it demonstrates a high degree of involvement in, or actual

Electronically Filed - St Louis County - February 13, 2015 - 02:58 PM

notice of, the unlawful activity and fails to take steps to prevent such facsimile transmissions." 47 C.F.R. § 64.1200(a)(4)(vii).

48.    Because the TCPA is a strict liability statute; Defendants are liable to Plaintiff and the Class even if Defendants only acted negligently.

49.    Defendants' actions caused damage to Plaintiff and the Class, as

a.    receiving Defendants' faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendants' faxes;

b.    Defendants' actions interfered with the recipients' use of the recipients' fax machines and telephone lines;

c.    Defendants' faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on business activities; and

d.    Defendants' faxes unlawfully interrupted the recipients' privacy interests in being left alone.

50.    Defendants intended to cause damage to Plaintiff and the Class, to violate their privacy, to interfere with the recipients' fax machines, or to consume the recipients' valuable time with Defendants' advertisements; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

51.    Defendants knew or should have known that (a) Plaintiff and the other Class members had not given express permission or invitation for Defendants or anyone else to fax advertisements about Defendants' property, goods, or services, (b) Defendants did not have an established business

Electronically Filed - St Louis County - February 13, 2015 - 02:58 PM

relationship with Plaintiff and the other Class members, (c) the Fax and the other facsimile advertisements were advertisements, and (d) the Fax and the other facsimile advertisements did not display the proper opt out notice.

52.   Defendants violated the TCPA by transmitting the Fax to Plaintiff and substantially similar facsimile advertisements to the other Class members without obtaining their prior express permission or invitation and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

WHEREFORE, Plaintiff Suzanne Degnen, D.M.D., P.C. d/b/a Sunset Tower Family Dentistry, individually and on behalf of all others similarly situated, demands judgment in its favor and against all Defendants, jointly and severally, as follows:

a.   certify this action as a class action and appoint Plaintiff as Class representative;

b.   appoint the undersigned counsel as Class counsel;

c.   award damages of $500 per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);

d.   award treble damages up to $1,500 per facsimile pursuant to 47 U.S.C. § 227(a)(3);

e.   enjoin Defendants and their contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);

f.   award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration;

g.   award Plaintiff an incentive award based upon its time expended on behalf of the Class and other relevant factors;

h.   award Plaintiff prejudgment interest and costs; and

i.   grant Plaintiff all other relief deemed just and proper.

Electronically Filed - St Louis County - February 13, 2015 - 02:58 PM

SCHULTZ & ASSOCIATES LLP

By:  /s/ Ronald J. Eisenberg
     Ronald J. Eisenberg, #48674
     Robert Schultz, #35329
     640 Cepi Drive, Suite A
     Chesterfield, MO 63005-1221
     (636) 537-4645
     Fax: (636) 537-2599
     reisenberg@sl-lawyers.com
     rschultz@sl-lawyers.com

     *Attorneys for Plaintiff*

**15SL-CC00538**

Electronically Filed - St Louis County - February 13, 2015 - 02:58 PM

**IN THE MISSOURI CIRCUIT COURT**
**FOR THE TWENTY-FIRST JUDICIAL CIRCUIT**
**COUNTY OF ST. LOUIS**

| | | |
|---|---|---|
| SUZANNE DEGNEN, D.M.D., P.C. d/b/a SUNSET TOWER FAMILY DENTISTRY, | ) ) ) ) | |
| **Plaintiff,** | ) ) | **Case No.** |
| v. | ) ) | **Division:** |
| DECISION SOFTWARE SYSTEMS, INC. d/b/a DECISION SOFTWARE SYSTEMS, et al., | ) ) ) ) | |
| **Defendants.** | ) | |

<u>**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**</u>

Plaintiff Suzanne Degnen, D.M.D., P.C. d/b/a Sunset Tower Family Dentistry, requests, under Missouri Supreme Court Rule 52.08, that this Court certify as a class action its case against Defendants Decision Software Systems, Inc. d/b/a Decision Software Systems, Gerald T. Merar, individually and d/b/a Decision Software Systems, Nathan J. Schnurman, Jr., Decision Software Systems, and John Does 1-10 for violation of the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (individually and collectively hereafter, "TCPA").

This case involves annoying unwanted junk faxes. Plaintiff seeks certification for the following Class of similarly situated persons:

1

Electronically Filed - St Louis County - February 13, 2015 - 02:58 PM

All persons who (1) on or after four years prior to the filing of this action, (2) were sent a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendants do not have an established business relationship, or (5) which did not display a proper opt-out notice.

Plaintiff further requests that the Court appoint Plaintiff as the class representative and Schultz & Associates LLP as class counsel.  In further support of this motion, Plaintiff states as follows:

1.      This action seeks class-wide redress for violations of the TCPA because Defendants sent TCPA-violating junk faxes to Plaintiff.  "Class certification is normal in litigation under §227, because the main questions, such as whether a given fax is an advertisement, are common to all recipients."  *Ira Holtzman, C.P.A., & Assocs. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013).

2.      Plaintiff is filing this motion at this time to avoid any attempt by Defendants to "pick off" Plaintiff through an offer of judgment or individual settlement offer, as suggested by some court decisions.  *See, e.g.*, *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011); Mo. S. Ct. R. 77.04 (offer of judgment); *Sandusky Wellness Ctr. LLC v. Co. v. Medtox Scientific*, No. 12-2066, 2015 U.S. Dist. LEXIS 9113, at **4-6 (D. Minn. Jan. 27, 2015) (granting summary judgment in TCPA case because settlement offer mooted claims); *Goans Acquisition, Inc. v. Merchant Solutions, LLC*, 2013 WL 5408460, at **6-7 (W.D. Mo. Sept. 26, 2013) (granting dismissal of putative class action after defendant's offer of judgment).  *But see Alpern v. UtiliCorp. United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996) ("Judgment should be entered against a putative class representative on a defendant's offer of payment only where class certification has been

Electronically Filed - St Louis County - February 13, 2015 - 02:58 PM

properly denied and the offer satisfies the representative's entire demand for injuries and cost of the suit.")); *Prater v. Medicredit, Inc.*, 301 F.R.D. 398, 400 (E.D. Mo. 2014). Magistrate Judge Terry Adelman of the United States District Court for the Eastern District of Missouri rejected a pick-off attempt, but cautioned that "in future cases, putative class action plaintiffs would be wise to immediately file such motions [for class certification] to protect the class from similar motions to dismiss based on offers of judgment." *March v. Medicredit, Inc.*, No. 4:13CV1210 TIA, 2013 U.S. Dist. LEXIS 171126, at **10-11 (E.D. Mo. Dec. 4, 2013).   Plaintiff heeded such advice.   Although Plaintiff has not yet had an opportunity to conduct discovery, Plaintiff intends to do so and to file an amended or supplemental motion for class certification thereafter. Therefore, Plaintiff requests that the Court stay ruling on this motion and that the Court allow Plaintiff to amend or supplement.

3.   All prerequisites of Rule 52.08 for class certification have been met.

4.   <u>Numerosity</u>.   Given the nature of the Fax identified in the Class Action Petition, which appear to be a form document, it is apparent that Defendants did not create the sophisticated Fax solely to send it to Plaintiff but rather used it as part of their much broader advertising campaign.   Plaintiff alleged that, on information and belief, Defendants sent the same or other substantially similar unsolicited facsimiles without the required opt-out language, from 47 C.F.R. § 64.1200(a)(4), to more than forty other persons or entities and that joinder of all Class members is impracticable.   "Class certifications have been upheld where the class is composed of 100 or even less." *Dale v. DaimlerChrysler Corp.*, 204 S.W.3d 151, 168 (Mo. Ct. App. W.D. 2006) (citing cases in which 18, 19, 25, 51, 72, 92 class members were sufficient).   Numerosity is satisfied

Electronically Filed - St Louis County - February 13, 2015 - 02:58 PM

and joinder is impracticable given the large number of class members. *See* Mo. S. Ct. R. 52.08(a)(1).

     5.    <u>Commonality and Predominance</u>:  There is a well-defined commonality of interest and common questions of law and fact that predominate over any questions affecting individual members of the Class, including, but not limited to, the following:

    a.    Whether Defendants sent unsolicited facsimile advertisements;

    b.    Whether the facsimiles Defendants sent advertised the commercial availability or quality of any property, goods, or services;

    c.    Whether the facsimiles Defendants sent contained a TCPA-compliant "opt-out notice";

    d.    The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent the Fax and other unsolicited facsimile advertisements;

    e.    Whether Defendants sent unsolicited facsimile advertisements without first obtaining the recipients' prior express invitation or permission;

    f.    Whether Defendants violated the TCPA;

    g.    Whether Defendants should be enjoined from sending TCPA-violating facsimile advertisements in the future;

    h.    Whether Plaintiff and the Class are entitled to statutory damages; and

    i.    Whether the Court should award treble damages for Defendants' knowing and willful violations of the TCPA.

The class definition ensures that the Class members have identical claims, both factually and legally, and that there are common defenses available to Defendants for each Class member. *See* Mo. S. Ct. R. 52.08(a)(2).

4

Electronically Filed - St Louis County - February 13, 2015 - 02:58 PM

6.    <u>Typicality</u>:  Plaintiff's claims are typical of the Class in that Plaintiff and the Class all suffered damages as a direct and proximate result of the same wrongful practices and conduct of Defendants.  Plaintiff's claims are based upon the same legal theories, statutes, and regulations as the Class members' claims.

7.    <u>Adequacy</u>:  Plaintiff will fully and adequately protect the interests of the members of the Class, does not have interests which are contrary to, or conflicting with, those interests for the Class, and has retained experienced and qualified counsel. Plaintiff has been actively engaged in assisting its counsel with the case and Plaintiff's counsel have filed at least a dozen class action lawsuits since January 2012, settled some of them, successfully defended class actions, and argued class actions before the Missouri Supreme Court and the Eighth Circuit Court of Appeals. *See, e.g.*, *Nickell v. Shanahan*, 439 S.W.3d 223 (Mo. banc 2014) (successfully defended); *Hargis v. JLB Corp.*, 357 S.W.3d 574 (Mo. banc 2011) (successfully defended); *Suzanne Degnen, D.M.D., P.C. v. United Bankcard, Inc.*, No. 4:13-cv-00567-CEJ (E.D. MO. 2013) (settled on class-wide basis); *Suzanne Degnen, D.M.D., P.C. v. Entrust Cos. LLC*, No. 12SL-CC04715 (St. Louis County Cir. Ct.) (settling on class-wide basis).  Plaintiff's counsel have achieved Martindale-Hubbell® Peer Review Ratings™ of AV® Preeminent™.

8.    <u>Superiority</u>:  A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically impracticable for members of the Class to prosecute individual actions, the Class is readily definable, prosecution as a class action will eliminate the possibility of repetitious and redundant litigation, prosecution as a class action will eliminate the possibility of inconsistent rulings, and a class action will enable the claims to be handled in an orderly expeditious manner.

Electronically Filed - St Louis County - February 13, 2015 - 02:58 PM

9.    Class certification is appropriate, because prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications as to individual members of the class, which would establish incompatible standards of conduct required of Defendants.

10.    Class certification is appropriate, because Defendants have acted on grounds generally applicable to the Class, by sending similar faxes, and refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

11.    A class action is an appropriate and a superior method for the fair and efficient adjudication of the controversy insofar as common questions of law and/or fact predominate over any individual questions which may arise, and there would be significant savings to the Class and to Defendants in litigating common issues on a class-wide basis.

12.    No unusual difficulties are likely to be encountered in the management of the case on a class basis.

WHEREFORE, Plaintiff requests that this Court certify this case as a class action as to the Class defined herein, appoint Plaintiff as class representative, appoint Ronald J. Eisenberg and Robert Schultz of Schultz & Associates LLP as class counsel, stay further class-certification briefing, and grant Plaintiff any additional relief deemed proper.

Electronically Filed - St Louis County - February 13, 2015 - 02:58 PM

SCHULTZ & ASSOCIATES LLP

By:  /s/ Ronald J. Eisenberg
   Ronald J. Eisenberg, #48674
   Robert Schultz, #35329
   640 Cepi Drive, Suite A
   Chesterfield, MO 63005-1221
   (636) 537-4645
   Fax: (636) 537-2599
   reisenberg@sl-lawyers.com
   rschultz@sl-lawyers.com

   *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The above-signed certifies that this motion was filed through the eFiling system on February 13, 2015.

 **IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>MICHAEL T JAMISON | Case Number: 15SL-CC00538 |
|---|---|
| Plaintiff/Petitioner:<br>SUZANNE DEGNEN, D.M.D., P.C.<br>DBA:   SUNSET TOWER FAMILY DENTISTRY<br><br>                        vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO 63005 |
| Defendant/Respondent:<br>DECISION SOFTWARE SYSTEMS, INC.<br>DBA:   DECISION SOFTWARE SYSTEMS | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  DECISION SOFTWARE SYSTEMS, INC.
                   Alias:
                   DBA:  DECISION SOFTWARE SYSTEMS

SERVE GERALD T MERAR, PRESIDENT
2689 DANFORTH TERRACE
WELLINGTON, FL 33414

*COURT SEAL OF*

*ST. LOUIS COUNTY*

      You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
      SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>18-FEB-2015</u>
Date
Further Information:
TLC

_____
                                         Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    - ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
    - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    - ☐ other (describe) _____ .

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____       _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

           Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
           I am: (check one)    ☐ the clerk of the court of which affiant is an officer.
                            ☐ the judge of the court of which affiant is an officer.
                            ☐ authorized to administer oaths in the state in which the affiant served the above summons.
          *(Seal)*                  (use for out-of-state officer)
                            ☐ authorized to administer oaths. (use for court-appointed server)

                                   _____
                                           Signature and Title

**Service Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

<u>**Purpose of Notice**</u>

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

<u>**Your Rights and Obligations in Court Are Not Affected By This Notice**</u>

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

<u>**Alternative Dispute Resolution Procedures**</u>

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1)** <u>**Advisory Arbitration:**</u> A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2)** <u>**Mediation:**</u> A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-04) SM60 *For Court Use Only*: **Document ID#  15-SMOS-139**      4      (15SL-CC00538)                Rules 54.06, 54.07, 54.14, 54.20,
506.500, 506.510 RSMo

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-04) SM60 *For Court Use Only:* **Document ID# 15-SMOS-139**      5      **(15SL-CC00538)**                    Rules 54.06, 54.07, 54.14, 54.20;
                                                                                                                                        506.500, 506.510 RSMo



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL T JAMISON | Case Number: 15SL-CC00538 |
|---|---|
| Plaintiff/Petitioner:<br>SUZANNE DEGNEN, D.M.D., P.C.<br>DBA: SUNSET TOWER FAMILY DENTISTRY<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO 63005 |
| Defendant/Respondent:<br>DECISION SOFTWARE SYSTEMS, INC.<br>DBA: DECISION SOFTWARE SYSTEMS | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **GERALD T MERAR**
      **Alias:**
      **DBA: DECISION SOFTWARE SYSTEMS**

**2689 DANFORTH TERRACE**
**WELLINGTON, FL 33414**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

      You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in this action.
      SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

**18-FEB-2015**
Date
Further Information:
TLC

_____
Clerk

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____
   _____ (address)

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____    _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
          ☐ the judge of the court of which affiant is an officer.
          ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
          ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

**Service Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

*See the following page for directions to clerk and to officer making return on service of summons.*

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

### Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-04) SM60 *For Court Use Only:* **Document ID# 15-SMOS-140**      4      (15SL-CC00538)      Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-04) SM60 *For Court Use Only:* **Document ID# 15-SMOS-140**      5      **(15SL-CC00538)**                Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

 **IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>MICHAEL T JAMISON | Case Number:  15SL-CC00538 |
|---|---|
| Plaintiff/Petitioner:<br>SUZANNE DEGNEN, D.M.D., P.C.<br>DBA:  SUNSET TOWER FAMILY DENTISTRY<br><div align=right>vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>DECISION SOFTWARE SYSTEMS, INC.<br>DBA:  DECISION SOFTWARE SYSTEMS | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | *(Date File Stamp)* |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  NATHAN J. SCHNURMAN JR
           Alias:
           DBA: DECISION SOFTWARE SYSTEMS

2718 DANFORTH TERRACE
WELLINGTON, FL  33414

*COURT SEAL OF*

*ST. LOUIS COUNTY*

      **You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
      SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

<u>18-FEB-2015</u>
Date
Further Information:
TLC
                                                 Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
      _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
      _____ (name) _____ (title).
   ☐ other (describe) _____ .
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____  _____
   Printed Name of Sheriff or Server                Signature of Sheriff or Server

          **Subscribed and Sworn To me before this** _____ (day) _____ (month) _____ (year)
          I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                        ☐ the judge of the court of which affiant is an officer.
                        ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                          (use for out-of-state officer)
*(Seal)*                        ☐ authorized to administer oaths.  (use for court-appointed server)

                             _____
                                   Signature and Title

**Service Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

*See the following page for directions to clerk and to officer making return on service of summons.*

### Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-04) SM60 *For Court Use Only:* Document ID# 15-SMOS-141      4      (15SL-CC00538)      Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-04) SM60 *For Court Use Only:* **Document ID# 15-SMOS-141**     5     **(15SL-CC00538)**     Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

Electronically Filed - St Louis County - February 18, 2015 - 04:08 PM

**IN THE MISSOURI CIRCUIT COURT
FOR THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS**

| | |
|---|---|
| SUZANNE DEGNEN, D.M.D., P.C. ) <br> d/b/a SUNSET TOWER FAMILY ) <br> DENTISTRY, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DECISION SOFTWARE ) <br> SYSTEMS, INC. d/b/a DECISION ) <br> SOFTWARE SYSTEMS, et al., ) <br> ) <br>     Defendants. ) | Case No. 15SL-CC00538 <br><br> Division: 10 |

**PLAINTIFF'S MOTION FOR EXTENSION TO TIME TO SERVE
DEFENDANTS**

Plaintiff Suzanne Degnen, D.M.D., P.C. d/b/a Sunset Tower Family Dentistry, pursuant to Missouri Supreme Court Rule 54.21, requests that the deadline for service of the summonses and petition on Defendants be extended to 90 days from issuance of the summonses in order to allow sufficient time to obtain service on Defendants, who reside outside of Missouri.

Plaintiff is mailing Civil Procedure Form 4B Notices, in accordance with Missouri Supreme Court Rule 54.16, requesting that Defendants voluntarily acknowledge service by mail.   Rule 54.16 grants the recipients 30 days to complete and return the Form 4B Notice.

WHEREFORE, Plaintiff requests that the Court grant this motion.


SO ORDERED THIS ____ DAY OF _____, 2015

_____
Hon. Michael T. Jamison, Circuit Judge

1

Electronically Filed - St Louis County - February 18, 2015 - 04:08 PM

SCHULTZ & ASSOCIATES LLP

By:  /s/ Ronald J. Eisenberg
      Ronald J. Eisenberg, #48674
      Robert Schultz, #35329
      640 Cepi Drive, Suite A
      Chesterfield, MO 63005-1221
      (636) 537-4645
      Fax: (636) 537-2599
      reisenberg@sl-lawyers.com
      rschultz@sl-lawyers.com

      *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    The above-signed certifies that this motion was filed through the eFiling system on February 18, 2015.

Electronically Filed - St Louis County - February 20, 2015 - 10:10 AM

**IN THE MISSOURI CIRCUIT COURT
FOR THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS**

| | |
|---|---|
| SUZANNE DEGNEN, D.M.D., P.C. d/b/a SUNSET TOWER FAMILY DENTISTRY, ) ) ) ) | |
| Plaintiff, ) ) | **Case No. 15SL-CC00538** |
| v. ) ) | **Division: 10** |
| DECISION SOFTWARE SYSTEMS, INC. d/b/a DECISION SOFTWARE SYSTEMS, et al., ) ) ) ) | |
| Defendants. ) | |

## ENTRY OF APPEARANCE OF ROBERT SCHULTZ

Robert Schultz of Schultz & Associates LLP enters his appearance as additional counsel for Plaintiff Suzanne Degnen, D.M.D., P.C.

SCHULTZ & ASSOCIATES LLP

By: /s/ Robert Schultz
Ronald J. Eisenberg, #48674
Robert Schultz, #35329
640 Cepi Drive, Suite A
Chesterfield, MO 63005-1221
(636) 537-4645
Fax: (636) 537-2599
reisenberg@sl-lawyers.com
rschultz@sl-lawyers.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The above-signed certifies that this document was filed through the eFiling system on February 20, 2015.

**FILED**

IN THE MISSOURI CIRCUIT COURT
FOR THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS

DIV.  FEB 2 0 2015   10

JOAN M. GILMER
CIRCUIT CLERK, ST LOUIS COUNTY

SUZANNE DEGNEN, D.M.D., P.C.        )
d/b/a SUNSET TOWER FAMILY          )
DENTISTRY,                          )
                                    )
        Plaintiff,                  )       Case No. 15SL-CC00538
                                    )
v.                                  )       Division: 10
                                    )
DECISION SOFTWARE                   )
SYSTEMS, INC. d/b/a DECISION        )
SOFTWARE SYSTEMS, et al.,           )
                                    )
        Defendants.                 )

**PLAINTIFF'S MOTION FOR EXTENSION TO TIME TO SERVE
DEFENDANTS**

Plaintiff Suzanne Degnen, D.M.D., P.C. d/b/a Sunset Tower Family

Dentistry, pursuant to Missouri Supreme Court Rule 54.21, requests that the

deadline for service of the summonses and petition on Defendants be extended to

90 days from issuance of the summonses in order to allow sufficient time to

obtain service on Defendants, who reside outside of Missouri.

Plaintiff is mailing Civil Procedure Form 4B Notices, in accordance with

Missouri Supreme Court Rule 54.16, requesting that Defendants voluntarily

acknowledge service by mail.  Rule 54.16 grants the recipients 30 days to

complete and return the Form 4B Notice.

WHEREFORE, Plaintiff requests that the Court grant this motion.

SO ORDERED THIS *19th* DAY OF *Febry*, 2015

Hon. Michael T. Jamison, Circuit Judge

1

SCHULTZ & ASSOCIATES LLP

By:  /s/ Ronald J. Eisenberg
      Ronald J. Eisenberg, #48674
      Robert Schultz, #35329
      640 Cepi Drive, Suite A
      Chesterfield, MO 63005-1221
      (636) 537-4645
      Fax: (636) 537-2599
      reisenberg@sl-lawyers.com
      rschultz@sl-lawyers.com

      *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The above-signed certifies that this motion was filed through the eFiling system on February 18, 2015.

2

Electronically Filed - St Louis County - February 18, 2015 - 04:08 PM

**IN THE MISSOURI CIRCUIT COURT
FOR THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS**

| | | |
|---|---|---|
| SUZANNE DEGNEN, D.M.D., P.C.<br>d/b/a SUNSET TOWER FAMILY<br>DENTISTRY, | ) <br> ) <br> ) <br> ) | |
| **Plaintiff,** | ) <br> ) | **Case No. 15SL-CC00538** |
| **v.** | ) <br> ) | **Division: 10** |
| DECISION SOFTWARE<br>SYSTEMS, INC. d/b/a DECISION<br>SOFTWARE SYSTEMS, et al., | ) <br> ) <br> ) <br> ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MOTION FOR EXTENSION TO TIME TO SERVE
DEFENDANTS**

Plaintiff Suzanne Degnen, D.M.D., P.C. d/b/a Sunset Tower Family Dentistry, pursuant to Missouri Supreme Court Rule 54.21, requests that the deadline for service of the summonses and petition on Defendants be extended to 90 days from issuance of the summonses in order to allow sufficient time to obtain service on Defendants, who reside outside of Missouri.

Plaintiff is mailing Civil Procedure Form 4B Notices, in accordance with Missouri Supreme Court Rule 54.16, requesting that Defendants voluntarily acknowledge service by mail.   Rule 54.16 grants the recipients 30 days to complete and return the Form 4B Notice.

WHEREFORE, Plaintiff requests that the Court grant this motion.

SO ORDERED THIS ＿25th＿DAY OF ＿February＿, 2015

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Hon. Michael T. Jamison, Circuit Judge

1

Electronically Filed - St Louis County - February 18, 2015 - 04:08 PM

SCHULTZ & ASSOCIATES LLP

By:  /s/ Ronald J. Eisenberg
      Ronald J. Eisenberg, #48674
      Robert Schultz, #35329
      640 Cepi Drive, Suite A
      Chesterfield, MO 63005-1221
      (636) 537-4645
      Fax: (636) 537-2599
      reisenberg@sl-lawyers.com
      rschultz@sl-lawyers.com

      *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The above-signed certifies that this motion was filed through the eFiling system on February 18, 2015.

2

Electronically Filed - St Louis County - April 14, 2015 - 11:16 AM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

┌                    ┐

For File Stamp Only

Suzanne Degnen, D.M.D., P.C.
Plaintiff/Petitioner

April 14, 2015
Date

15SL-CC00538
Case Number

vs.

10
Division

Decision Software Systems, Inc., et al.
Defendant/Respondent

└                    ┘

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff                                                      , pursuant
                                   Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Roy Bates of Prose Process Serving and Investigation, 580 Village Blvd., Ste. 140, W. Palm Beach, FL 33409, (561) 832-7506
Name of Process Server                           Address                                                      Telephone

Fred Humphries of Prose Process Serving and Investigation, 580 Village Blvd., Ste. 140, W. Palm Beach, FL 33409, (561) 832-7506
Name of Process Server                        Address or in the Alternative                                   Telephone

J. Scott Walter of Prose Process Serving and Investigation, 580 Village Blvd., Ste. 140, W. Palm Beach, FL 33409, (561) 832-7506
Name of Process Server                        Address or in the Alternative                                   Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                                    SERVE:
Decision Software Systems, Inc. d/b/a Decision Software Systems   Gerard T. Merar, individually and d/b/a Decision Software Systems
Name                                                     Name
SERVE: Gerard T. Merar, President, at 2689 Danforth Terrace    2689 Danforth Terrace
Address                                                  Address
Wellington, FL 33414                                     Wellington, FL 33414
City/State/Zip                                           City/State/Zip

SERVE:                                                    SERVE:
Nathan J. Schnurman, Jr., individually and d/b/a Decision Software Systems
Name                                                     Name
2689 Danforth Terrace
Address                                                  Address
Wellington, FL 33414
City/State/Zip                                           City/State/Zip

Appointed as requested:

**JOAN M. GILMER**, Circuit Clerk            Ronald Eisenberg              /s/
                                             Attorney/Plaintiff/Petitioner
                                             48674
                                             Bar No.
By _____            640 Cepi Drive, Suite A., Chesterfield, MO 63005
   Deputy Clerk                              Address
                                             (636) 537-4645           (636) 537-2599
_____            Phone No.                      Fax No.
Date

CCADM62-WS    Rev. 03/14

Electronically Filed - St. Louis County - April 14, 2015 - 11:16 AM

Local Rule 28.   SPECIAL PROCESS SERVERS

(1)   Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment.

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)   The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)   Appointments may list more than one server as alternates.

(B)   The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)   Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)   No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, or other taking.

(E)   Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com. (LawandPublicSafety/Circuit/Forms).

(F)   This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM6-WS      Rev. 03/14



### IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MICHAEL T JAMISON | Case Number: 15SL-CC00538 |
| Plaintiff/Petitioner:<br>SUZANNE DEGNEN, D.M.D., P.C.<br>DBA:   SUNSET TOWER FAMILY DENTISTRY<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>DECISION SOFTWARE SYSTEMS, INC.<br>DBA:   DECISION SOFTWARE SYSTEMS | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   DECISION SOFTWARE SYSTEMS, INC.
　　　　　　　　　　　　Alias:
　　　　　　　　　　　　DBA:   DECISION SOFTWARE SYSTEMS
GERALD T. MERAR, PRESIDENT
2689 DANFORTH TERRACE
WELLINGTON, FL 33414

COURT SEAL OF



ST. LOUIS COUNTY

　　　You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
　　　SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>24-APR-2015</u>
Date
Further Information:
TLC

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.　I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.　My official title is _____ of _____ County, _____ (state).
3.　I have served the above summons by:  (check one)
　　☐　delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
　　☐　leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
　　　　_____, a person of the Defendant's/Respondent's family over the age of 15 years.
　　☐　(for service on a corporation) delivering a copy of the summons and a copy of the petition to
　　　　_____ (name) _____ (title).
　　☐　other (describe) _____
　　　　_____
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____　　　　_____
Printed Name of Sheriff or Server　　　　Signature of Sheriff or Server

　　　Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)　☐　the clerk of the court of which affiant is an officer.
　　　　　　　　　☐　the judge of the court of which affiant is an officer.
　　　　　　　　　☐　authorized to administer oaths in the state in which the affiant served the above summons.
　　　　　　　　　　　(use for out-of-state officer)
(Seal)　　　　　　☐　authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

**Service Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

*See the following page for directions to clerk and to officer making return on service of summons.*

### Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

## THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-04) SM60 *For Court Use Only:* **Document ID# 15-SMOS-359**      4      **(15SL-CC00538)**                                   Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-04) SM60 *For Court Use Only:* **Document ID# 15-SMOS-359**      5      **(15SL-CC00538)**                Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MICHAEL T JAMISON | Case Number:  15SL-CC00538 |
| Plaintiff/Petitioner:<br>SUZANNE DEGNEN, D.M.D., P.C.<br>DBA:   SUNSET TOWER FAMILY DENTISTRY<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>DECISION SOFTWARE SYSTEMS, INC.<br>DBA:   DECISION SOFTWARE SYSTEMS | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  GERALD T MERAR
Alias:
DBA: DECISION SOFTWARE SYSTEMS

2689 DANFORTH TERRACE
WELLINGTON, FL  33414



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>24-APR-2015</u>
Date
Further Information:
TLC

_____ Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ , a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other (describe) _____ .
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____miles @ $_____ per mile) |
| **Total** | $_____ | |

*See the following page for directions to clerk and to officer making return on service of summons.*

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-04) SM60 *For Court Use Only:* **Document ID#  15-SMOS-360**       4       (15SL-CC00538)                        Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

OSCA (7-04) SM60 *For Court Use Only:* **Document ID# 15-SMOS-360**        5        **(15SL-CC00538)**                    Rules 54.06, 54.07, 54.14, 54.20;
                                                                                                                                                       506.500, 506.510 RSMo



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL T JAMISON | Case Number: 15SL-CC00538 |
|---|---|
| Plaintiff/Petitioner:<br>SUZANNE DEGNEN, D.M.D., P.C.<br>DBA:  SUNSET TOWER FAMILY DENTISTRY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>DECISION SOFTWARE SYSTEMS, INC.<br>DBA:  DECISION SOFTWARE SYSTEMS | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  NATHAN J. SCHNURMAN JR
Alias:
DBA: DECISION SOFTWARE SYSTEMS

2718 DANFORTH TERRACE
WELLINGTON, FL  33414

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>24-APR-2015</u>
Date
Further Information:
TLC

_____ Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
   ☐  delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐  leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐  (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐  other (describe) _____
_____ (address)
Served at _____
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

**Service Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-04) SM60 *For Court Use Only*: Document ID# 15-SMOS-361    4    (15SL-CC00538)    Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.   The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

OSCA (7-04) SM60 *For Court Use Only:* **Document ID# 15-SMOS-361**     5     **(15SL-CC00538)**          Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

Electronically Filed - St Louis County - April 29, 2015 - 03:50 PM

## In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

⌐                                    ¬

For File Stamp Only

April 29, 2015
_____
Date

Suzanne Degnen, D.M.D., P.C.
_____
Plaintiff/Petitioner

15SL-CC00538
_____
Case Number

vs.

10
_____
Division

Decision Software Systems, Inc., et al.
_____
Defendant/Respondent

L                                    ⌐

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff _____, pursuant

Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Karina Green, of Prose Process Serving and Investigation, 580 Village Blvd., Ste. 140, W. Palm Beach, FL 33409, (561) 832-7506
_____
Name of Process Server                              Address                                                      Telephone

_____
Name of Process Server                              Address or in the Alternative                              Telephone

_____
Name of Process Server                              Address or in the Alternative                              Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                              SERVE:
Decision Software Systems, Inc. d/b/a Decision Software Systems      Gerard T. Merar, individually and d/b/a Decision Software Systems
_____                  _____
Name                                                Name
SERVE: Gerard T. Merar, President, at 2689 Danforth Terrace      2689 Danforth Terrace
_____                  _____
Address                                             Address
Wellington, FL 33414                                Wellington, FL 33414
_____                  _____
City/State/Zip                                      City/State/Zip

SERVE:                                              SERVE:
Nathan J. Schnurman, Jr., individually and d/b/a Decision Software Systems
_____                  _____
Name                                                Name
2689 Danforth Terrace
_____                  _____
Address                                             Address
Wellington, FL 33414
_____                  _____
City/State/Zip                                      City/State/Zip

Appointed as requested:

**JOAN M. GILMER**, Circuit Clerk                   Ronald Eisenberg              /s/
                                                    _____
                                                    Attorney/Plaintiff/Petitioner
                                                    48674
                                                    _____
By _____                 Bar No.
Deputy Clerk                                        640 Cepi Drive, Suite A., Chesterfield, MO 63005
                                                    _____
                                                    Address
_____                    (636) 537-4645            (636) 537-2599
Date                                                _____
                                                    Phone No.                         Fax No.

CCADM62-WS    Rev. 03/14

Electronically Filed - St Louis County - April 29, 2015 - 03:50 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment.

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM6-WS      Rev. 03/14

Electronically Filed - St Louis County - May 18, 2015 - 09:10 AM



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL T JAMISON | Case Number: 15SL-CC00538 |
|---|---|
| Plaintiff/Petitioner:<br>SUZANNE DEGNEN, D.M.D., P.C.<br>DBA:  SUNSET TOWER FAMILY DENTISTRY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>DECISION SOFTWARE SYSTEMS, INC.<br>DBA:  DECISION SOFTWARE SYSTEMS | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

 The State of Missouri to:  DECISION SOFTWARE SYSTEMS, INC.
  Alias:
  DBA:  DECISION SOFTWARE SYSTEMS

**GERALD T. MERAR, PRESIDENT**
**2689 DANFORTH TERRACE**
**WELLINGTON, FL 33414**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>24-APR-2015</u>
Date
Further Information:
TLC

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _Certified Process Server_ of _Palm Beach_ County, _Florida_ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _Nathan J. Schuurman Jr_ (name) _Manager_ (title).
   ☐ other (describe) _____
Served at _2689 Danforth Terr._ (address)
in _Wellington_ County, _Florida_ (state), on _May 13, 2015_ (date) at _5:20 pm_ (time).

_Karina Green_
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Subscribed and Sworn To me before this _14th_ (day) _MAY_ (month) _2015_ (year)

[seal: JOSEPH T. (?)
Notary Public - State of Florida
My Comm. Expires Sep 21, 2018
Commission # FF 139345
Bonded Through National Notary Ass.]

☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☑ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

Electronically Filed - St Louis County - May 18, 2015 - 09:10 AM

IN THE CIRCUIT/COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

__Suzanne Degnen,D.M.D., P.C. DBA: Sunset Family Dentistry__     Case Number: __15SL-CC00538__
Plaintiff/Petitioner
v.

__Decision Software Systems, Inc. DBA: Decision Software Systems__     Documents to be Served: __Summons, Notice of Alternative Dispute__
Defendant/Respondent     __Resolution Srevices, Class Action Junk-Fax Petition, Plantiff's__
__Motion for Class Certification__

## VERIFIED RETURN OF SERVICE

I received the process on the __11th__ day of __May__, 20__15__ at __4:00__ o'clock __p__.m.
I served the process on the __13th__ day of __May__, 20__15__ at __5:20__ o'clock __p__.m. at the following location

__2689 Danforth Terr., Wellington, FL 33414__ and served __Nathan J Schurman Jr. on behalf of Decision Software Systems, Inc. DBA: Decision__
__Software Systems__ in the following manner:
Address/ City/County and State     Name of Person Served

_____ **INDIVIDUAL SERVICE** - Fla. Stat. §48.031(1)(a) - By delivering to the person named above a true copy of the process, with the date and hour of service endorsed thereon by me, along with a copy of the complaint, petition, or other initial court document.

__X__ **SUBSTITUTE SERVICE** - By leaving a true copy of the process, with the date and hour of service endorsed thereon by me, along with a copy of the complaint, petition, or other initial pleading or court document, to the person named above as the:

_____ Co-Resident at the usual place of abode who is 15 years of age or older - Fla. Stat. §48.031(1)(a)
_____ Spouse as long as within county, spouse live together and spouse agrees to be served - Fla. Stat. §48.031(2)(a)
__X_____ Person in Charge - Fla. Stat. §48.031(2)(b) __Manager__ (list position per AO 2.702)
_____ Partner of a partnership - Fla. Stat. §48.061(1)
_____ Person in Charge at Private Mailbox - Fla. Stat. §48.031(6)

_____ **CORPORATE SERVICE** - By delivering a true copy of this process, with the date and hour of service endorsed thereon by me, along with a copy of the complaint, petition, or other initial pleading or court document to the person named above as the:

_____ Highest Ranking Officer - Fla. Stat. §48.081(5) _____ (list position per AO 2.702)
_____ Registered Agent of the within named corporation or employee of Registered Agent - Fla. Stat§48.081(3)(a) and §48.091
_____ Employee of the within named corporation at said corporation's place of business because service could not be made on the registered agent for failure to comply with F.S. 48.091. _____ (list position per AO 2.702)

_____ **POSTED SERVICE** (Landlord-Tenant Only) - By attaching a true copy of this process with the date and hour of service endorsed thereon by me, together with a copy of the complaint of petition, to a conspicuous place on the property described within after making two (2) attempts not less than six (6) hours apart in that the tenant could not be found and there was no person residing therein, fifteen (15) years of age or older upon whom service could be made.

First Attempt: _____     Second Attempt: _____
            Date and Time                        Date and Time

Pursuant to 15th Judicial Circuit Admin. Order 2.702, the following is a physical description of the person upon whom process was executed:

__Age: 56; Sex: Male; Race/Skin Color: White; Hair: Gray; Weight: 165; Height: 5'7"__

Pursuant to 15th Judicial Circuit Admin. Order 2.702, the following is a descriptive narrative (comments) of the manner of execution:

__I entered the private community, arrived at residence and knocked on door. A gentleman answered and I explained I am a process server for Palm beach County along with showing him my ID. I asked if he was Mr. Gerald T. Merar; he responded "no". I then asked him if he was Nathan Schurman; her responded "yes".I explained that I am there to serve three separate Summons. I explained what each one was and that he should take his time reading through all the documents. If he had any questions he should reach out to the law firm. He said okay. I left the property as soon as I made notes in my car of his physical description.__

I informed the party of the contents of the documents being served.     YES  -  NO   (circle one)

Military Status ____N/A____     Marital Status ____N/A____

Under penalties of perjury, I swear or affirm, pursuant to Fla. Stat. § 92.525 that I have read the foregoing and the facts stated there are true. I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the county in which service was made.

Electronically Filed - St. Louis County - May 18, 2015 - 09:10 AM

**Karina Green**
Printed Name of Certified Process Server

Signature of Certified Process Server

**#1993/Palm Beach County**
CPS or Other Number & county/state of license

**Ronald Jay Eisenberg, Esq.**
For:  Name of Attorney or Pro Se Litigant

**May 14, 2015**
Date

Electronically Filed - St Louis County - May 18, 2015 - 09:13 AM



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL T JAMISON | Case Number: 15SL-CC00538 |
|---|---|
| Plaintiff/Petitioner:<br>SUZANNE DEGNEN, D.M.D., P.C.<br>DBA:  SUNSET TOWER FAMILY DENTISTRY<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>DECISION SOFTWARE SYSTEMS, INC.<br>DBA:  DECISION SOFTWARE SYSTEMS | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: NATHAN J. SCHNURMAN JR
    Alias:
    DBA: DECISION SOFTWARE SYSTEMS

2718 DANFORTH TERRACE
WELLINGTON, FL 33414



COURT SEAL OF

ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

24-APR-2015
Date
Further Information:
TLC

_Jean ___ Clerk_

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _Certified Process Server_ of _Palm Beach_ County, _Florida_ (state).
3. I have served the above summons by:  (check one)
   - [x] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   - [ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - [ ] other (describe)

Served at _2689 Danforth Terr. Wellington FL 33414_ (address)
in _Palm Beach_ County, _Florida_ (state), on _May 13, 2015_ (date) at _5:20 pm_ (time).

_Karina Green_
Printed Name of Sheriff or Server

_Karina Green_
Signature of Sheriff or Server

Subscribed and Sworn To me before this _14th_ (day) _May_ (month) _2015_ (year)
I am (check one)  [ ] the clerk of the court of which affiant is an officer.
 [ ] the judge of the court of which affiant is an officer.
 [x] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
 [ ] authorized to administer oaths. (use for court-appointed server)

JOSEPH D. KOZAK
Notary Public - State of Florida
My Comm. Expires Sep 21, 2019
Commission # FF 139345
Bonded Through National Notary Assn

_____
Signature and Title

JOSEPH D. KOZAK
Notary Public - State of Florida
My Comm. Expires Sep 21, 2019
Commission # FF 139345
Bonded Through National Notary Assn

Electronically Filed - St Louis County - May 18, 2015 - 09:13 AM

IN THE CIRCUIT/COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

**Suzanne Degnen,D.M.D., P.C. DBA: Sunset Family Dentistry**
Plaintiff/Petitioner
v.

**Decision Software Systems, Inc. DBA: Decision Software Systems**
Defendant/Respondent

Case Number: **15SL-CC00538**

Documents to be Served: **Summons, Notice of Alternative Disp**
**Resolution Srevices, Class Action Junk-Fax Petition, Plaintiff's**
**Motion for Class Certification**

## VERIFIED RETURN OF SERVICE

I received the process on the **11th** day of **May, 2015** at **4:00** o'clock p.m.
I served the process on the **13th** day of **May, 2015** at **5:20** o'clock p.m. at the following location
**2689 Danforth Terr., Wellington, FL 33414** and served **Nathan J Schurman Jr. DBA: Decision Software Systems** in the following manner:
Address/ City/County and State                                                          Name of Person Served

**X**____ **INDIVIDUAL SERVICE** - Fla. Stat. §48.031(1)(a) - By delivering to the person named above a true copy of the process, with the date and
hour of service endorsed thereon by me, along with a copy of the complaint, petition, or other initial court document.

____ **SUBSTITUTE SERVICE** - By leaving a true copy of the process, with the date and hour of service endorsed thereon by me, along with a
copy of the complaint, petition, or other initial pleading or court document, to the person named above as the:

____ Co-Resident at the usual place of abode who is 15 years of age or older - Fla. Stat. §48.031(1)(a)
____ Spouse as long as within county, spouse live together and spouse agrees to be served - Fla. Stat. §48.031(2)(a)
____ Person in Charge - Fla. Stat. §48.031(2)(b)
____ Partner of a partnership - Fla. Stat. §48.061(1)
____ Person in Charge at Private Mailbox - Fla. Stat. §48.031(6)      _____ (list position per AO 2.702)

____ **CORPORATE SERVICE** - By delivering a true copy of this process, with the date and hour of service endorsed thereon by me, along
with a copy of the complaint, petition, or other initial pleading or court document to the person named above as the:

____ Highest Ranking Officer - Fla. Stat. §48.081(5)      _____
____ Registered Agent of the within named corporation or employee of Registered Agent - Fla. Stat§48.081(3)(a) and §48.091
____ Employee of the within named corporation at said corporation's place of business because service could not be made on the
registered agent for failure to comply with F.S. 48.091.      _____ (list position per AO 2.702)

____ **POSTED SERVICE** (Landlord-Tenant Only) - By attaching a true copy of this process with the date and hour of service endorsed thereon
by me, together with a copy of the complaint of petition, to a conspicuous place on the property described within after making two (2) attempts not
less than six (6) hours apart in that the tenant could not be found and there was no person residing therein, fifteen (15) years of age or older upon
whom service could be made.

First Attempt: _____                    Second Attempt: _____
                         Date and Time                                                        Date and Time

Pursuant to 15th Judicial Circuit Admin. Order 2.702, the following is a physical description of the person upon whom process was executed:

**Age: 56; Sex: Male; Race/Skin Color: White; Hair: Gray; Weight: 165; Height: 5'7"**

Pursuant to 15th Judicial Circuit Admin. Order 2.702, the following is a descriptive narrative  (comments) of the manner of execution:
**I entered the private community, arrived at residence and knocked on door. A gentleman answered and I explained I am a process server
for Palm beach County along with showing him my ID. I asked if he was Mr. Gerald T. Merar; he responded "no". I then asked him if he
was Nathan Schurman; her responded "yes".I explained that I am there to serve three separate Summons. I explained what each one was
and that he should take his time reading through all the documents. If he had any questions he should reach out to the law firm. He said
okay. I left the property as soon as I made notes in my car of his physical description.**

informed the party of the contents of the documents being served.

ilitary Status ___N/A___                    (YES)   .   NO   (circle one)

der penalties of perjury, I swear or affirm, pursuant to Fla. Stat. § 92.525 that I have read the foregoing and the facts stated there are true.  I am
r the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the county in which service

Marital Status ___N/A___

**Karina Green**
Printed Name of Certified Process Server

**#1993/Palm Beach County**
CPS or Other Number & county/state of license

**May 14, 2015**
Date

Signature of Certified Process Server

**Ronald Jay Eisenberg, Esq.**
For:  Name of Attorney or Pro Se Litigant

Electronically Filed - St Louis County - May 18, 2015 - 09:10 AM



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MICHAEL T JAMISON | Case Number:  15SL-CC00538 |
| Plaintiff/Petitioner:<br>SUZANNE DEGNEN, D.M.D., P.C.<br>DBA:  SUNSET TOWER FAMILY DENTISTRY<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>DECISION SOFTWARE SYSTEMS, INC.<br>DBA:  DECISION SOFTWARE SYSTEMS | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

### Summons for Personal Service Outside the State of Missouri
#### (Except Attachment Action)

The State of Missouri to:  DECISION SOFTWARE SYSTEMS, INC.
Alias:
        DBA:  DECISION SOFTWARE SYSTEMS

GERALD T. MERAR, PRESIDENT
2689 DANFORTH TERRACE
WELLINGTON, FL 33414

*COURT SEAL OF*



*ST. LOUIS COUNTY*

    You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
    SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>24-APR-2015</u>
Date
Further Information:
TLC

                                                     Clerk

#### Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is *Certified Process Server* of *Palm Beach* County, *Florida* (state).
3.   I have served the above summons by: (check one)

    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
                         , a person of the Defendant's/Respondent's family over the age of 15 years.
    ☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
    *Nathan J. Schwerman Jr* (name) *Manager* (title).
    ☐ other (describe) _____ (address)
Served at *2689 Danforth Terr*
in *Wellington* County, *Florida* (state), on *May 13, 2015* (date) at *5:20 pm* (time).

*Brian Green*
Printed Name of Sheriff or Server                             Signature of Sheriff or Server

              Subscribed and Sworn To me before this *14th* (day) *MAY* (month) *2015* (year)

JOSE... (notary seal)
Notary Public - State of Florida
My Comm. Expires Sep 21, 201...
Commission # FF 139345
Bonded Through National Notary Ass...

☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☑ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

                                              Signature and Title

Electronically Filed - St Louis County - May 18, 2015 - 09:10 AM

IN THE CIRCUIT/COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

**Suzanne Degnen,D.M.D., P.C. DBA: Sunset Family Dentistry**        Case Number:   **15SL-CC00538**
Plaintiff/Petitioner
v.

**Decision Software Systems, Inc. DBA: Decision Software Systems**        Documents to be Served: **Summons, Notice of Alternative Dispute**
Defendant/Respondent        **Resolution Srevices, Class Action Junk-Fax Petition, Plantiff's**
        **Motion for Class Certification**

## VERIFIED RETURN OF SERVICE

I received the process on the **11th** day of **May**, 20**15** at **4:00** o'clock **p.**m.
I served the process on the **13th** day of **May**, 20**15** at **5:20** o'clock **p.**m. at the following location

**2689 Danforth Terr., Wellington, FL 33414** and served **Nathan J Schurman Jr. on behalf of Decision Software Systems, Inc. DBA: Decision**
**Software Systems** in the following manner:
Address/ City/County and State        Name of Person Served

_____ **INDIVIDUAL SERVICE** - Fla. Stat. §48.031(1)(a) - By delivering to the person named above a true copy of the process, with the date and
hour of service endorsed thereon by me, along with a copy of the complaint, petition, or other initial court document.

___**X**___ **SUBSTITUTE SERVICE** - By leaving a true copy of the process, with the date and hour of service endorsed thereon by me, along with a
copy of the complaint, petition, or other initial pleading or court document, to the person named above as the:

_____ Co-Resident at the usual place of abode who is 15 years of age or older - Fla. Stat. §48.031(1)(a)
_____ Spouse as long as within county, spouse live together and spouse agrees to be served - Fla. Stat. §48.031(2)(a)
___**X**___ Person in Charge - Fla. Stat. §48.031(2)(b) **Manager** (list position per AO 2.702)
_____ Partner of a partnership - Fla. Stat. §48.061(1)
_____ Person in Charge at Private Mailbox - Fla. Stat. §48.031(6)

_____ **CORPORATE SERVICE** - By delivering a true copy of this process, with the date and hour of service endorsed thereon by me, along
with a copy of the complaint, petition, or other initial pleading or court document to the person named above as the:

_____ Highest Ranking Officer - Fla. Stat. §48.081(5) _____ (list position per AO 2.702)
_____ Registered Agent of the within named corporation or employee of Registered Agent - Fla. Stat§48.081(3)(a) and §48.091
_____ Employee of the within named corporation at said corporation's place of business because service could not be made on the
registered agent for failure to comply with F.S. 48.091. _____ (list position per AO 2.702)

_____ **POSTED SERVICE** (Landlord-Tenant Only) - By attaching a true copy of this process with the date and hour of service endorsed thereon
by me, together with a copy of the complaint of petition, to a conspicuous place on the property described within after making two (2) attempts not
less than six (6) hours apart in that the tenant could not be found and there was no person residing therein, fifteen (15) years of age or older upon
whom service could be made.

First Attempt: _____    Second Attempt:_____
        Date and Time        Date and Time

Pursuant to 15th Judicial Circuit Admin. Order 2.702, the following is a physical description of the person upon whom process was executed:

**Age: 56; Sex: Male; Race/Skin Color: White; Hair: Gray; Weight: 165; Height: 5'7"** _____

Pursuant to 15th Judicial Circuit Admin. Order 2.702, the following is a descriptive narrative  (comments) of the manner of execution:

**I entered the private community, arrived at residence and knocked on door. A gentleman answered and I explained I am a process server**
**for Palm beach County along with showing him my ID. I asked if he was Mr. Gerald T. Merar; he responded "no". I then asked him if he**
**was Nathan Schurman; her responed "yes". I explained that I am there to serve three separate Summons. I explained what each one was**
**and that he should take his time reading through all the documents. If he had any questions he should reach out to the law firm. He said**
**okay. I left the property as soon as I made notes in my car of his physical description.**

I informed the party of the contents of the documents being served.        ( YES )  -   NO    (circle one)

Military Status  N/A        Marital Status  N/A

Under penalties of perjury, I swear or affirm, pursuant to Fla. Stat. § 92.525 that I have read the foregoing and the facts stated there are true.  I am
over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the county in which service was made.

Electronically Filed - St Louis County - May 18, 2015 - 09:10 AM

__Karina Green__
Printed Name of Certified Process Server

__#1993/Palm Beach County__
CPS or Other Number & county/state of license

__May 14, 2015__
Date

Signature of Certified Process Server

__Ronald Jay Eisenberg, Esq.__
For:  Name of Attorney or Pro Se Litigant



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL T JAMISON | Case Number: 15SL-CC00538 |
|---|---|
| Plaintiff/Petitioner:<br>SUZANNE DEGNEN, D.M.D., P.C.<br>DBA:  SUNSET TOWER FAMILY DENTISTRY<br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>DECISION SOFTWARE SYSTEMS, INC.<br>DBA:  DECISION SOFTWARE SYSTEMS | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: NATHAN J. SCHNURMAN JR
           Alias:
           DBA: DECISION SOFTWARE SYSTEMS

2718 DANFORTH TERRACE
WELLINGTON, FL 33414



COURT SEAL OF

ST. LOUIS COUNTY

     You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
     SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>24-APR-2015</u>
Date
Further Information:
TLC

                                              Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is Certified Process Server of Palm Beach County, Florida (state).
3.  I have served the above summons by: (check one)
   ☑ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____ (address)

Served at 2689 Danforth Terr. Wellington FL 33414 (address)
in Palm Beach County, Florida (state), on May 13 2015 (date) at 5:20 pm (time).
Karine Green
Printed Name of Sheriff or Server                Signature of Sheriff or Server

Subscribed and Sworn To me before this 14th (day) May (month) 2015 (year)
I am (check one) ☐ the clerk of the court of which affiant is an officer.
              ☐ the judge of the court of which affiant is an officer.
              ☐ authorized to administer oaths in the state in which the affiant served the above summons.
              (use for out-of-state officer)
              ☐ authorized to administer oaths. (use for court-appointed server)

JOSEPH D. KOZAK
Notary Public - State of Florida
My Comm. Expires Sep 21, 2018
Commission # FF 139344
Bonded Through National Notary

JOSEPH D. KOZAK
Notary Public - State of Florida
My Comm. Expires Sep 21, 2018
Commission # FF 139344
Bonded Through National Notary

                                              Signature and Title

Electronically Filed - St Louis County - May 18, 2015 - 09:13 AM

IN THE CIRCUIT/COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

**Suzanne Degnen, D.M.D., P.C. DBA: Sunset Family Dentistry**
Plaintiff/Petitioner

v.

**Decision Software Systems, Inc. DBA: Decision Software Systems**
Defendant/Respondent

Case Number: **15SL-CC00538**

Documents to be Served: **Summons, Notice of Alternative Disp Resolution Srevices, Class Action Junk-Fax Petition, Plaintiff' Motion for Class Certification**

## VERIFIED RETURN OF SERVICE

I received the process on the **11th** day of **May, 2015** at **4:00** o'clock **p.**m.
I served the process on the **13th** day of **May, 2015** at **5:20** o'clock **p.**m. at the following location
**2689 Danforth Terr., Wellington, FL 33414** and served **Nathan J Schurman Jr. DBA: Decision Software Systems** in the following manner:
Address/ City/County and State                                                              Name of Person Served

**X    INDIVIDUAL SERVICE** - Fla. Stat. §48.031(1)(a) - By delivering to the person named above a true copy of the process, with the date and hour of service endorsed thereon by me, along with a copy of the complaint, petition, or other initial court document.

____**SUBSTITUTE SERVICE** - By leaving a true copy of the process, with the date and hour of service endorsed thereon by me, along with a copy of the complaint, petition, or other initial pleading or court document, to the person named above as the:

____ Co-Resident at the usual place of abode who is 15 years of age or older - Fla. Stat. §48.031(1)(a)
____ Spouse as long as within county, spouse live together and spouse agrees to be served - Fla. Stat. §48.031(2)(a)
____ Person in Charge - Fla. Stat. §48.031(2)(b)
____ Partner of a partnership - Fla. Stat. §48.061(1)
____ Person in Charge at Private Mailbox - Fla. Stat. §48.031(6)
                                                                                    (list position per AO 2.702)

____**CORPORATE SERVICE** - By delivering a true copy of this process, with the date and hour of service endorsed thereon by me, along with a copy of the complaint, petition, or other initial pleading or court document to the person named above as the:

____ Highest Ranking Officer - Fla. Stat. §48.081(5)
____ Registered Agent of the within named corporation or employee of Registered Agent - Fla. Stat§48.081(3)(a) and §48.091
____ Employee of the within named corporation at said corporation's place of business because service could not be made on the registered agent for failure to comply with F.S. 48.091.
                                                                                    (list position per AO 2.702)

____**POSTED SERVICE** (Landlord-Tenant Only) - By attaching a true copy of this process with the date and hour of service endorsed thereon by me, together with a copy of the complaint of petition, to a conspicuous place on the property described within after making two (2) attempts not less than six (6) hours apart in that the tenant could not be found and there was no person residing therein, fifteen (15) years of age or older upon whom service could be made.

First Attempt: _____
                    Date and Time                                                         Second Attempt: _____
                                                                                                          Date and Time

Pursuant to 15th Judicial Circuit Admin. Order 2.702, the following is a physical description of the person upon whom process was executed:
**Age: 56; Sex: Male; Race/Skin Color: White; Hair: Gray; Weight: 165; Height: 5'7"**

Pursuant to 15th Judicial Circuit Admin. Order 2.702, the following is a descriptive narrative  (comments) of the manner of execution:
**I entered the private community, arrived at residence and knocked on door. A gentleman answered and I explained I am a process server for Palm beach County along with showing him my ID. I asked if he was Mr. Gerald T. Merar; he responded "no". I then asked him if he was Nathan Schurman; her responded "yes". I explained that I am there to serve three separate Summons. I explained what each one was and that he should take his time reading through all the documents. If he had any questions he should reach out to the law firm. He said okay. I left the property as soon as I made notes in my car of his physical description.**

informed the party of the contents of the documents being served.

ilitary Status _____N/A_____                      (YES)  -         NO      (circle one)
                                                        Marital Status _____N/A_____

der penalties of perjury, I swear or affirm, pursuant to Fla. Stat. § 92.525 that I have read the foregoing and the facts stated there are true.  I am
r the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the county in which servi...

Karina Green
Printed Name of Certified Process Server

#1993/Palm Beach County
CPS or Other Number & county/state of license

May 14, 2015
Date

Signature of Certified Process Server

Ronald Jay Eisenberg, Esq.
For:  Name of Attorney or Pro Se Litigant

Electronically Filed - St Louis County - May 18, 2015 - 09:13 AM

Electronically Filed - St Louis County - May 19, 2015 - 09:55 PM

5/18/15
KDA
#1993
3:51 pm



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL T JAMISON | Case Number:  15SL-CC00538 |
|---|---|
| Plaintiff/Petitioner:<br>SUZANNE DEGNEN, D.M.D., P.C.<br>DBA:  SUNSET TOWER FAMILY DENTISTRY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>DECISION SOFTWARE SYSTEMS, INC.<br>DBA:  DECISION SOFTWARE SYSTEMS | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: GERALD T MERAR
                 Alias:
                 DBA: DECISION SOFTWARE SYSTEMS

2689 DANFORTH TERRACE
WELLINGTON, FL 33414



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>24-APR-2015</u>
Date
Further Information:
TLC

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _Certified Process Server_ of _Palm Beach_ County. _Florida_ (state).
3. I have served the above summons by:  (check one)
   - [x] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   - [ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - [ ] other (describe) _____

Served at _2689 Danforth Terr_ (address)
in _Wellington_ County, _Florida_ (state), on _May 18, 2015_ (date) at _3:51 pm_ (time).

_Kenneth Green_
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Subscribed and Sworn To me before this _19th_ (day) _May_ (month) _2015_ (year)

(inst. check one)
- [ ] the clerk of the court of which affiant is an officer.
- [ ] the judge of the court of which affiant is an officer.
- [x] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- [ ] authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

JOSEPH D. KOZAK
Notary Public - State of Florida
My Comm. Expires Sep 21, 2018
Commission # FF 139345
Bonded Through National Notary Assn.

Electronically Filed - St Louis County - May 19, 2015 - 09:55 PM

IN THE CIRCUIT/COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

**Suzanne Degnen,D.M.D., P.C. DBA: Sunset Family Dentistry**    Case Number: **15SL-CC00538**
Plaintiff/Petitioner

v.

**Decision Software Systems, Inc. DBA: Decision Software Systems**    Documents to be Served: **Summons, Notice of Alternative Dispute**
Defendant/Respondent    **Resolution Srevices, Class Action Junk-Fax Petition, Plaintiff's Motion for Class Certification**

## VERIFIED RETURN OF SERVICE

I received the process on the **11th** day of **May**, 20**15** at **4:00** o'clock **p**.m.
I served the process on the **18th** day of **May**, 20**15** at **3:51** o'clock **p**.m. at the following location

**2689 Danforth Terr., Wellington, FL 33414** and served **Gerald T. Merar DBA: Decision Software Systems** in the following manner:
Address/ City/County and State                 Name of Person Served

__X__ **INDIVIDUAL SERVICE** - Fla. Stat. §48.031(1)(a) - By delivering to the person named above a true copy of the process, with the date and hour of service endorsed thereon by me, along with a copy of the complaint, petition, or other initial court document.

_____ **SUBSTITUTE SERVICE** - By leaving a true copy of the process, with the date and hour of service endorsed thereon by me, along with a copy of the complaint, petition, or other initial pleading or court document, to the person named above as the:

_____ Co-Resident at the usual place of abode who is 15 years of age or older - Fla. Stat. §48.031(1)(a)
_____ Spouse as long as within county, spouse live together and spouse agrees to be served - Fla. Stat. §48.031(2)(a)
_____ Person in Charge - Fla. Stat. §48.031(2)(b) _____(list position per AO 2.702)
_____ Partner of a partnership - Fla. Stat. §48.061(1)
_____ Person in Charge at Private Mailbox - Fla. Stat. §48.031(6)

_____ **CORPORATE SERVICE** - By delivering a true copy of this process, with the date and hour of service endorsed thereon by me, along with a copy of the complaint, petition, or other initial pleading or court document to the person named above as the:

_____ Highest Ranking Officer - Fla. Stat. §48.081(5) _____ (list position per AO 2.702)
_____ Registered Agent of the within named corporation or employee of Registered Agent - Fla. Stat§48.081(3)(a) and §48.091
_____ Employee of the within named corporation at said corporation's place of business because service could not be made on the registered agent for failure to comply with F.S. 48.091. _____ (list position per AO 2.702)

_____ **POSTED SERVICE** (Landlord-Tenant Only) - By attaching a true copy of this process with the date and hour of service endorsed thereon by me, together with a copy of the complaint of petition, to a conspicuous place on the property described within after making two (2) attempts not less than six (6) hours apart in that the tenant could not be found and there was no person residing therein, fifteen (15) years of age or older upon whom service could be made.

First Attempt: _____    Second Attempt: _____
           Date and Time                                   Date and Time

Pursuant to 15th Judicial Circuit Admin. Order 2.702, the following is a physical description of the person upon which process was executed:

**Age: 60; Sex: Male; Race/Skin Color: White; Hair: Brown; Weight: 150; Height: 5'4"; Eyes: Green**

Pursuant to 15th Judicial Circuit Admin. Order 2.702, the following is a descriptive narrative (comments) of the manner of execution:

**I entered the private community, arrived at residence and knocked on door. A gentleman answered and I explained I am a process server for Palm beach County along with showing him my ID. I explained I am there to re-sever Mr. Gerald T. Merar personally; the gentleman responded that he is on the phone and to give him a moment. When Mr. Merar came to the door I asked him if his name was Gerald Merar. He said "yes". I explained I am re-serving the Summons for him personally and that should take his time reading through all the documents. If he had any questions he should reach out to the law firm. He said okay. I left the property as soon as I made notes in my car of his physical description.**

I informed the party of the contents of the documents being served. ( **YES** ) -   NO    (circle one)

Military Status __**N/A**__                                  Marital Status        __**N/A**__

Under penalties of perjury, I swear or affirm, pursuant to Fla. Stat. § 92.525 that I have read the foregoing and the facts stated there are true. I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the county in which service was made.

**Karina Green**                       **#1993/Palm Beach County**              **May 18, 2015**
Printed Name of Certified Process Server       CPS or Other Number & county/state of license         Date

_____    **Ronald Jay Eisenberg, Esq.**
Signature of Certified Process Server          For: Name of Attorney or Pro Se Litigant

JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY CIRCUIT COURT
7900 CARONDELET AVENUE
CLAYTON, MISSOURI  63105 -1766

SPECIAL NEEDS: If you have special needs addressed by the American With Disabilities Act, please notify the Circuit Clerk's Office at 314/615-8029, Fax 314/615-8739, or TTY 314/615-4567, at least three business days in advance of the court proceeding.

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

CASE NUMBER: 15SL-CC00538
 SUZANNE DEGNEN, D.M.D., P.C.
VS

DECISION SOFTWARE SYSTEMS, INC.

COURT DATE: JUNE 19, 2015
COURT TIME: 09:00 AM
DIVISION: DIV10

THE ABOVE STYLED CASE IS SET FOR A CASE MANAGEMENT CONFERENCE AT THE DATE, TIME AND DIVISION INDICATED ABOVE.  YOU MUST APPEAR AT THE CONFERENCE. FAILURE TO APPEAR WILL RESULT IN THE COURT'S DESIGNATION OF THE DISCOVERY SCHEDULE AND MAY RESULT IN SANCTIONS OR THE CASE BEING DISMISSED.

JOAN M. GILMER, CIRCUIT CLERK
   May 19, 2015



15SL-CC00538      DIV10
EARL ROBERT SCHULTZ III
640 CEPI DRIVE SUITE A
CHESTERFIELD, MO  63005

JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY CIRCUIT COURT
7900 CARONDELET AVENUE
CLAYTON, MISSOURI  63105 -1766

SPECIAL NEEDS: If you have special needs addressed by
the American With Disabilities Act, please notify the Circuit
Clerk's Office at 314/615-8029, Fax 314/615-8739, or TTY
314/615-4567, at least three business days in advance of
the court proceeding.

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

CASE NUMBER: 15SL-CC00538
 SUZANNE DEGNEN, D.M.D., P.C.
VS

DECISION SOFTWARE SYSTEMS, INC.

COURT DATE: JUNE 19, 2015
COURT TIME: 09:00 AM
DIVISION: DIV10

THE ABOVE STYLED CASE IS SET FOR A CASE MANAGEMENT CONFERENCE AT THE DATE,
TIME AND DIVISION INDICATED ABOVE.  YOU MUST APPEAR AT THE CONFERENCE.
FAILURE TO APPEAR WILL RESULT IN THE COURT'S DESIGNATION OF THE DISCOVERY
SCHEDULE AND MAY RESULT IN SANCTIONS OR THE CASE BEING DISMISSED.

JOAN M. GILMER, CIRCUIT CLERK
   May 19, 2015



15SL-CC00538       DIV10
RONALD JAY EISENBERG
640 CEPI DRIVE SUITE A
CHESTERFIELD, MO  63005

Electronically Filed - St Louis County - May 19, 2015 - 09:55 PM

5/18/15
KDA
#1993
3:51 pm



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MICHAEL T JAMISON | Case Number: 15SL-CC00538 |
| Plaintiff/Petitioner:<br>SUZANNE DEGNEN, D.M.D., P.C.<br>DBA:  SUNSET TOWER FAMILY DENTISTRY<br><br>                    vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>DECISION SOFTWARE SYSTEMS, INC.<br>DBA:  DECISION SOFTWARE SYSTEMS | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **GERALD T MERAR**
               Alias:
               DBA: DECISION SOFTWARE SYSTEMS

**2689 DANFORTH TERRACE
WELLINGTON, FL  33414**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

       You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
       SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>24-APR-2015</u>
Date
Further Information:
TLC

                                                      Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is <u>Certified Process Server</u> of <u>Palm Beach</u> County. <u>Florida</u> (state).
3. I have served the above summons by: (check one)
   - [x] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   - [ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - [ ] other (describe) _____

Served at <u>2689 Danforth Terr</u> (address)
in <u>Wellington</u> County, <u>Florida</u> (state), on <u>May 18, 2015</u> (date) at <u>3:51 pm</u> (time).

<u>Kurns Green</u>
Printed Name of Sheriff or Server
                                     Signature of Sheriff or Server

Subscribed and Sworn To me before this <u>19th</u> (day) <u>May</u> (month) <u>2015</u> (year)
- [ ] the clerk of the court of which affiant is an officer.
- [ ] the judge of the court of which affiant is an officer.
- [x] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- [ ] authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

JOSEPH D. KOZAK
Notary Public - State of Florida
My Comm. Expires Sep 21, 2018
Commission # FF 139345
Bonded Through National Notary Assn.

Electronically Filed - St Louis County - May 19, 2015 - 09:55 PM

IN THE CIRCUIT/COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

<u>Suzanne Degnen,D.M.D., P.C. DBA: Sunset Family Dentistry</u>    Case Number: <u>15SL-CC00538</u>
Plaintiff/Petitioner
v.

<u>Decision Software Systems, Inc. DBA: Decision Software Systems</u>    Documents to be Served: <u>Summons, Notice of Alternative Dispute</u>
Defendant/Respondent    <u>Resolution Srevices, Class Action Junk-Fax Petition, Plaintiff's</u>
<u>Motion for Class Certification</u>

## VERIFIED RETURN OF SERVICE

I received the process on the <u>11th</u> day of <u>May</u>, 20<u>15</u> at <u>4:00</u> o'clock <u>p</u>.m.
I served the process on the <u>18th</u> day of <u>May</u>, 20<u>15</u> at <u>3:51</u> o'clock <u>p</u>.m. at the following location

<u>2689 Danforth Terr., Wellington, FL 33414</u> and served <u>Gerald T. Merar DBA: Decision Software Systems</u> in the following manner:
Address/ City/County and State                                                    Name of Person Served

__X__ INDIVIDUAL SERVICE - Fla. Stat. §48.031(1)(a) - By delivering to the person named above a true copy of the process, with the date and hour of service endorsed thereon by me, along with a copy of the complaint, petition, or other initial court document.

_____ SUBSTITUTE SERVICE - By leaving a true copy of the process, with the date and hour of service endorsed thereon by me, along with a copy of the complaint, petition, or other initial pleading or court document, to the person named above as the:

_____ Co-Resident at the usual place of abode who is 15 years of age or older - Fla. Stat. §48.031(1)(a)
_____ Spouse as long as within county, spouse live together and spouse agrees to be served - Fla. Stat. §48.031(2)(a)
_____ Person in Charge - Fla. Stat. §48.031(2)(b) _____(list position per AO 2.702)
_____ Partner of a partnership - Fla. Stat. §48.061(1)
_____ Person in Charge at Private Mailbox - Fla. Stat. §48.031(6)

_____ CORPORATE SERVICE - By delivering a true copy of this process, with the date and hour of service endorsed thereon by me, along with a copy of the complaint, petition, or other initial pleading or court document to the person named above as the:

_____ Highest Ranking Officer - Fla. Stat. §48.081(5) _____ (list position per AO 2.702)
_____ Registered Agent of the within named corporation or employee of Registered Agent - Fla. Stat§48.081(3)(a) and §48.091
_____ Employee of the within named corporation at said corporation's place of business because service could not be made on the registered agent for failure to comply with F.S. 48.091. _____ (list position per AO 2.702)

_____ POSTED SERVICE (Landlord-Tenant Only) - By attaching a true copy of this process with the date and hour of service endorsed thereon by me, together with a copy of the complaint of petition, to a conspicuous place on the property described within after making two (2) attempts not less than six (6) hours apart in that the tenant could not be found and there was no person residing therein, fifteen (15) years of age or older upon whom service could be made.

First Attempt: _____    Second Attempt: _____
                        Date and Time                                                    Date and Time

Pursuant to 15th Judicial Circuit Admin. Order 2.702, the following is a physical description of the person upon whom process was executed:

<u>Age: 60; Sex: Male; Race/Skin Color: White; Hair: Brown; Weight: 150; Height: 5'4"; Eyes: Green</u>

Pursuant to 15th Judicial Circuit Admin. Order 2.702, the following is a descriptive narrative (comments) of the manner of execution:

<u>I entered the private community, arrived at residence and knocked on door. A gentleman answered and I explained I am a process server for Palm beach County along with showing him my ID. I explained I am there to re-sever Mr. Gerald T. Merar personally; the gentleman responded that he is on the phone and to give him a moment. When Mr. Merar came to the door I asked him if his name was Gerald Merar. He said 'yes". I explained I am re-serving the Summons for him personally and that he should take his time reading through all the documents. If he had any questions he should reach out to the law firm. He said okay. I left the property as soon as I made notes in my car of his physical description.</u>

I informed the party of the contents of the documents being served.    ( YES ) -    NO    (circle one)

Military Status __N/A__                                                    Marital Status __N/A__

Under penalties of perjury, I swear or affirm, pursuant to Fla. Stat. § 92.525 that I have read the foregoing and the facts stated there are true. I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the county in which service was made.

<u>Karina Green</u>                                    <u>#1993/Palm Beach County</u>                    <u>May 18, 2015</u>
Printed Name of Certified Process Server            CPS or Other Number & county/state of license        Date

_____
Signature of Certified Process Server               **Ronald Jay Eisenberg, Esq.**
                                                    For: Name of Attorney or Pro Se Litigant